JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA RAYA,<br><br>          Plaintiff,<br><br>   v.<br><br>FCA US, LLC; I10 CHRYSLER JEEP DODGE RAM; and DOES 1–10,<br><br>          Defendants. | Case No.: CV 20-02062-CJC (JPRx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 7] |

## I. INTRODUCTION

In January 2020, Plaintiff Aurora Raya filed this breach of warranty action in Los Angeles County Superior Court against Defendants FCA US, LLC ("FCA") and I-10 Chrysler Jeep Dodge Ram ("I-10 Chrysler"). (Dkt. 1-3 [Complaint, hereinafter "Compl."].) FCA removed to this Court. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiff's motion to remand. (Dkt. 7; Dkt. 7-1 [hereinafter "Mot."].) For the following reasons, that motion is **GRANTED**.

## II. BACKGROUND

The complaint alleges the following facts. FCA manufactures and distributes motor vehicles. (Compl. ¶ 4.) I-10 Chrysler sells motor vehicles in Riverside County, California. (*Id.* ¶ 5.) Although not alleged in the complaint, Plaintiff now asserts that I-10 Chrysler is an authorized dealership for FCA. (*Compare* Mot. at 3 *with* Compl. ¶ 5.) In May 2018, Plaintiff leased a 2019 Jeep Cherokee (the "vehicle") manufactured and distributed by FCA. (Compl. ¶ 8.) In the complaint, Plaintiff does not specify whether she leased the vehicle from I-10 Chrysler, but alleges that she leased it "from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail." (*Id.*) The vehicle was covered by an express written warranty for 3 years or 36,000 miles, as well as a 5-year powertrain warranty. (*Id.* ¶ 9.)

During the warranty period, the vehicle developed various defects, including problems with the electrical system or "PowerNet." (*Id.* ¶ 10.) FCA allegedly knew about the PowerNet defect, but failed to disclose it to Plaintiff. (*Id.* ¶¶ 23–122.) According to the complaint, FCA and I-10 Chrysler "have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (*Id.* ¶ 124.) The complaint does not specify whether Plaintiff brought the vehicle to I-10 Chrysler for repairs. (*See id.*)

Based on these allegations, Plaintiff asserts six state law causes of action for (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of express written warranty; (5) breach of the implied warranty of merchantability; and (6) fraudulent inducement. (*Id.* ¶¶ 123–63.) Plaintiff asserts the implied warranty claim against both FCA and I-10 Chrysler. (*Id.* at 26.) The remaining five claims are asserted only against FCA. (*Id.* ¶¶ 123–63.)

For the purposes of diversity jurisdiction, Plaintiff is a California citizen. (*Id.* ¶ 2.) FCA claims to be a Delaware Corporation with its principal place of business in Michigan. (NOR ¶ 22.) I-10 Chrysler is allegedly a California business entity with its principal place of business in California. (Compl. ¶ 5.) On March 2, 2020, FCA removed the action to this Court, invoking diversity jurisdiction. (NOR.)

On April 8, 2020, the Court ordered Plaintiff to submit supplemental briefing on the instant motion to remand. (Dkt. 13.) Specifically, the Court instructed Plaintiff to resolve several ambiguities in her complaint, namely whether Plaintiff contends that I-10 Chrysler leased her the allegedly defective vehicle and/or that I-10 Chrysler made repairs to the allegedly defective vehicle. (*Id.*) In her supplemental briefing, Plaintiff answered both questions in the affirmative. (Dkt. 14 [hereinafter "Supp. Br."] at 2–3.) Plaintiff intends to amend to her complaint to allege that she leased the vehicle from I-10 Chrysler and brought it to I-10 Chrysler for repairs. (*Id.*) Plaintiff has also submitted evidence to support these allegations. (*See* Dkt. 14-1–14-2.) The Court offered FCA the opportunity to submit a supplemental reply brief, but it did not do so. (*See* Dkt. 13.)

**III. LEGAL STANDARD**

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing

the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**IV. ANALYSIS**

In its Notice of Removal, FCA contends that Plaintiff fraudulently joined I-10 Chrysler "for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court." (NOR ¶ 23.) Accordingly, FCA contends that I-10 Chrysler cannot be used to destroy complete diversity. (*See id.*)

A court will dismiss a fraudulently-joined defendant and disregard its citizenship when determining whether the parties are diverse. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id.* (internal quotations omitted). Defendants can establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).[1] This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). In other words, fraudulent joinder imposes a more demanding standard than a Rule 12(b)(6) motion for failure to state a claim. *See Grancare*, 889 F.3d at 549. When analyzing fraudulent joinder, courts

---

[1] A joinder is also fraudulent if there is "actual fraud" in the pleadings, but FCA does not make this argument. (*See* NOR ¶ 23); *Grancare*, 889 F.3d at 548.

must consider whether the challenged claims are "wholly insubstantial and frivolous" or "can possibly be cured by granting the plaintiff leave to amend." *See id.* at 549–50.

FCA has not shown that I-10 Chrysler "cannot be liable on any theory." *See Ritchey*, 139 F.3d at 1318. Accordingly, it has not met its burden of establishing fraudulent joinder. Plaintiff brings one cause of action against I-10 Chrysler for breach of implied warranty. "Where, as here, the breach of warranty claims against the manufacturer and dealership arise from the same vehicle and alleged defects, California district courts have held that the dealership is 'necessary for just adjudication' of the claims and thus was properly joined." *Torres v. Ford Motor Co.*, 2018 WL 4182487, at *2 (C.D. Cal. Aug. 30, 2018). As explained in Plaintiff's supplemental brief, Plaintiff can cure the ambiguities in her complaint to state a plausible breach of implied warranty claim against I-10 Chrysler. *See Grancare*, 889 F.3d at 549. FCA has not responded to Plaintiff's supplemental brief and apparently does not dispute that the proposed amendments establish a valid claim against I-10 Chrysler. Because FCA has not met its burden of showing that I-10 Chrysler was fraudulently joined, Plaintiff's motion to remand is **GRANTED**.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and this action is hereby **REMANDED** this action to Los Angeles County Superior Court.

DATED: April 29, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE